# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LORI BELTRAN; ROBERT BELTRAN;
COBY BELTRAN, by and through his
Guardian Ad Litem Lori Beltran,
            *Plaintiffs-Appellants,*

                v.

SANTA CLARA COUNTY; MELISSA
SUAREZ, individually and as an
employee of the County of Santa
Clara; JENNIFER HUBBS,
individually and as an employee
of the County of Santa Clara;
EMILY TJHIN, individually and as
an employee of the County of
Santa Clara,
            *Defendants-Appellees.*

No. 05-16976
D.C. No.
CV-03-03767-RMW
OPINION

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted
December 12, 2007—Pasadena, California

Filed January 24, 2008

Before: Alex Kozinski, Chief Judge, Stephen Reinhardt,
Andrew J. Kleinfeld, Michael Daly Hawkins,
Kim McLane Wardlaw, William A. Fletcher,
Ronald M. Gould, Richard A. Paez, Marsha S. Berzon,
Richard R. Clifton and Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

1201

**COUNSEL**

Robert R. Powell and Dennis R. Ingols, The Law Offices of Robert R. Powell, San Jose, California, for the plaintiffs-appellants.

Melissa R. Kiniyalocts, Deputy County Counsel, and Ann Miller-Ravel, County Counsel, Santa Clara County, San Jose, California, for the defendants-appellees.

**OPINION**

PER CURIAM:

**1.** Melissa Suarez, a social worker for Santa Clara County's child protective services, investigated whether Lori Beltran was abusing her son, Coby. After this investigation, Suarez's supervisor Emily Tjhin filed a child dependency petition, which Tjhin signed under penalty of perjury. This petition included a three-page statement of facts describing the findings of Suarez's investigation. Suarez also filed a separate custody petition, which she signed under penalty of perjury. The custody petition attached and incorporated by reference the three-page statement of facts from the dependency petition.

The dependency petition was denied, Coby was returned to his parents, and the Beltrans sued Suarez and Tjhin under 42 U.S.C. § 1983, charging constitutional violations in removing Coby from the Beltrans' custody and attempting to place him under the supervision of the state. Specifically, the Beltrans claimed that Suarez and Tjhin fabricated much of the information in the three-page statement of facts. Relying on *Doe* v. *Lebbos*, 348 F.3d 820, 825-26 (9th Cir. 2003), the district court held that Suarez and Tjhin had absolute immunity for their actions connected to signing and filing the dependency and custody petitions—including the alleged fabrication of evidence and false statements. It therefore dismissed plaintiffs' claims that were based on the allegedly false petition statements. The district court eventually granted summary judgment to the defendants on the remainder of plaintiffs' claims, but those issues are not before us, as plaintiffs appeal only the dismissal of claims based on absolute immunity.

[1] **2.** Parties to section 1983 suits are generally entitled only to immunities that existed at common law. *Imbler* v. *Pachtman*, 424 U.S. 409, 417-18 (1976). We have therefore "granted state actors absolute immunity only for those functions that were critical to the judicial process itself," such as " 'initiating a prosecution.' " *Miller* v. *Gammie*, 335 F.3d 889, 896 (9th Cir. 2003) (en banc) (quoting *Imbler*, 424 U.S. at 431). It follows that social workers have absolute immunity when they make "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Id.* at 898. But they are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury, because such actions aren't similar to discretionary decisions about whether to prosecute. A prosecutor doesn't have absolute immunity if he fabricates evidence during a preliminary investigation, before he could properly claim to be acting as an advocate, *see Buckley* v. *Fitzsimmons*, 509 U.S. 259, 275 (1993), or makes false statements in a sworn

affidavit in support of an application for an arrest warrant, *see Kalina* v. *Fletcher*, 522 U.S. 118, 129-30 (1997). Furthermore, as prosecutors and others investigating criminal matters have no absolute immunity for their investigatory conduct, a fortiori, social workers conducting investigations have no such immunity. *See id.* at 126.

**[2]** The district court's error is perfectly understandable, as it relied on our incorrect ruling in *Doe* v. *Lebbos*, which we overrule today. We reverse the district court's ruling that defendants are entitled to absolute immunity and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**