Amy **ROBERTSON**, individually and Guardian Ad Litem for Ryder Robertson; Curtis Robertson, individually and as Guardian Ad Litem for Ryder Robertson, Plaintiffs–Appellants,

v.

COUNTY OF VENTURA, a political entity; Jody Keller, as an individual who is employed by the Ventura County Sheriff's Department; Wareham, Sgt., as an individual who is employed by the Ventura County Sheriff's Department, e/s/a David Wareham; Scott Peterson, as an individual who is employed by the Ventura County Sheriff's Department; Donna Kuenen, as an individual who is employed by the Human Services Agency of the County of Ventura, e/s/a Donna Kounen; Theresa Mayernik, as an individual who is employed by the Human Services Agency of the County of Ventura; Harold Amer, MD, an individual; Neil Kaufman, MD, an individual; Kenneth Wright, MD, an individual, Defendants–Appellees.

No. 06–55751.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2008.

Filed April 22, 2008.

Richard Hamlish, Westlake Village, CA, for Plaintiffs–Appellants.

Alan E. Wisotsky, Esq., Brian P. Keighron, Esq., Law Offices of Alan E. Wisotsky, Oxnard, CA, Maureen Elizabeth Clark, Esq., Bauer, Harris, McEvoy & Clinkenbeard, Santa Barbara, CA, Timothy T. Coates, Kent J. Bullard, Esq., Greines Martin Stein & Richland, LLP, Roger Mansukhani, Gordon & Rees, Keith M. Rozanski, Esq., Gregory D. Werre, Esq., Bonne Bridges Mueller O'Keefe & Nichols, Los Angeles, CA, for Defendants–Appellees.

Before: HALL, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM *

Amy and Curtis Robertson, individually and as guardians ad litem for their child, Ryder Robertson, brought this 42 U.S.C. § 1983 action against various defendants based on the temporary removal of Ryder from his parent's custody. The Robertsons appeal the district court's grant of summary judgement in favor of Theresa Mayernik, Ventura County, and the County's employees. They also appeal the dismissal of their claims against Drs. Amer, Kaufman, and Wright. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided

We review the district court's grant of absolute or qualified immunity de novo. *Botello v. Gammick,* 413 F.3d 971, 975 (9th Cir.2005). We review the district court's grant of summary judgment and dismissal for failure to state a claim de novo. *Woodrum v. Woodward County, Okla.,* 866 F.2d 1121, 1124 (9th Cir.1989); *Coverdell v. Dep't of Soc. & Health Servs., State of Wash.,* 834 F.2d 758, 761 (9th Cir.1987).

The district court did not err when it granted summary judgment in favor of Ventura County on the Robertsons' *Monell* claim. The Robertsons did not put forth sufficient evidence that Ventura County ratified the employees' actions. *See Gillette v. Delmore,* 979 F.2d 1342, 1346–47 (9th Cir.1992).

The district court also properly granted summary judgment in favor of Donna Kuenen, Jody Keller, Theresa Mayernik, David Wareham, and Scott Peterson. Kuenen was entitled to absolute immunity for her actions related to the decision to initiate the detention hearing by filing the Section 300 petition and detention report. *See Beltran v. Santa Clara County,* 514 F.3d 906, 908 (9th Cir.2008).

Further, Kuenen's other actions and the actions of Keller, Mayernik, Wareham, and Peterson are entitled to qualified immunity. When these defendants were making discretionary decisions that were not similar to prosecutorial decisions, they were entitled to qualified rather than absolute immunity. *See Miller v. Gammie,* 335 F.3d 889, 898 (9th Cir.2003).

Kuenen and Keller are entitled to qualified immunity because their actions did not violate constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818,

by 9th Cir. R. 36–3.

102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Mayernik, Wareham, and Peterson are also entitled to qualified immunity because there is no showing that they violated any of the Robertsons' established rights.

Finally, the § 1983 claim was properly dismissed as to Drs. Harold Amer, Neil Kaufman, and Kenneth Wright because these doctors are not state actors. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir.1999). Moreover, there is no showing that any of their actions were improper.

**AFFIRMED.**