Bhupat R. BHATTI, Plaintiff—
Appellant,

v.

COUNTY OF SACRAMENTO; Seleena
Ulahannan, Defendants—
Appellees.

No. 06–16148.

United States Court of Appeals,
Ninth Circuit.

Submitted May 14, 2008.*

Filed June 9, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cyrus Zal, Esq., Folsom, CA, for Plaintiff–Appellant.

Jeri Lynn Pappone, Esq., Longyear O'Dea and Lavra, Sacramento, CA, for Defendants–Appellees.

Before: HUG, KLEINFELD, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Bhupat Bhatti ("Bhatti") appeals the district court's entry of summary judgment in favor of the County of Sacramento ("County") and social worker Seleena Ulahannan ("Ulahannan"). "Summary judgment, a final order over which we take jurisdiction pursuant to 28 U.S.C. § 1291, is reviewed *de novo*, drawing all reasonable inferences supported by the evidence in favor of the non-moving party." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir.2004) (internal citations and quotation

marks omitted). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse in part.

■ 1. We affirm the district court's conclusion that Ulahannan is entitled absolute immunity for providing testimony in the divorce proceeding between Bhatti and his former wife and in this proceeding. *See Meyers v. Contra Costa County Dep't of Soc. Servs.*, 812 F.2d 1154, 1156 (9th Cir.1987). California Government Code section 820.21 is inapplicable because the record before the district court on summary judgment does not reflect any evidence of malice on the part of Ulahannan.

■ 2. In *Beltran v. Santa Clara County*, 514 F.3d 906 (9th Cir.2008) (en banc), we held that the doctrine of absolute immunity applies when a social worker makes "discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Id.* at 908 (internal quotation marks and citation omitted). We recognize that the district court did not have the benefit of that opinion when it issued its decision. Taking the facts and inferences in the light most favorable to Bhatti, the record reflects that Ulahannan was not acting in a quasi-prosecutorial capacity when she investigated the alleged abuse and subsequently generated her reports. Therefore, Ulahannan is not entitled to absolute immunity for these actions. *See id.* at 908–09. Moreover, Ulahannan is not entitled to qualified immunity for her investigation or for her reports of that investigation because her actions, if Bhatti's cognizable evidence is believed, violated Bhatti's clearly established rights and no objective social worker could have believed

** This disposition is not appropriate for publication and is not precedent except as provid- ed by 9th Cir. R. 36–3.

that Ulahannan's conduct was lawful. *See id.*

■ 3. The district court correctly entered summary judgment on Bhatti's claims, to the extent that they arise out of the Fourth Amendment. The district court erred, however, in holding that Ulahannan is entitled to qualified immunity on Bhatti's claim for interference with familial association arising out of the Fourteenth Amendment. Ulahannan removed Bhatti's child from the family home over Bhatti's express objection without a warrant and without an "imminent risk of serious bodily harm." *See Rogers v. County of San Joaquin,* 487 F.3d 1288, 1295 (9th Cir.2007). Therefore, if the trier of fact is persuaded by the cognizable evidence Bhatti presented in opposition to summary judgment, Ulahannan violated Bhatti's clearly established rights and no objective social worker could have believed that Ulahannan's conduct was lawful.

■ 4. The district court correctly granted summary judgment to the County. No facts in the record support Bhatti's claim that Ulahannan's conduct was made pursuant to County policy. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1110–11 (9th Cir.2001). There is no evidence to suggest that Ulahannan's conduct was a result of a "deliberate choice to follow a course of action[.]" *Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir.2005) (internal citations and quotation marks omitted).

No costs will be awarded.

**REVERSED in part and AFFIRMED in part.**