Jennifer FRANET, Plaintiff—Appellee,

v.

COUNTY OF ALAMEDA SOCIAL SERVICES AGENCY; County of Alameda sued erroneously herein as County of Alameda Social Services Agency; Karen Castro, Social worker, Defendants—Appellants.

Jennifer Franet, Plaintiff—Appellant,

v.

County of Alameda Social Services Agency; County of Alameda sued erroneously herein as County of Alameda Social Services Agency; Karen Castro, Social worker; Joan Hintzen, Defendants—Appellees.

Nos. 06–16039, 06–16120.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Aug. 14, 2008.

Frances S. Kaminer, Law Offices of Walter K. Pyle & Associates, Berkeley, CA, for Plaintiff–Appellant.

Peter Abrahams, Nina E. Scholtz, Horvitz & Levy, LLP, Encino, CA, S.D. Narayan, The Narayan Law Firm, San Mateo, CA, for Defendants–Appellees.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and DAWSON *, District Judge.

---

* The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

34

## MEMORANDUM **

On August 14, 2001, appellant and cross-appellee Karen Castro, a social worker for cross-appellee County of Alameda, removed the son and daughter of appellee and cross-appellant Jennifer Franet. Castro had not obtained a warrant before the removal. Castro believed that the children's father, who was divorced from Franet but shared custody of the children, was sexually molesting the daughter. Franet had observed that the children's hygiene suffered during visits to their father. The daughter had returned from visits to her father with diaper rash, and on one occasion complained of pain when urinating or walking. Franet had treated the rashes with bathing and ointments, and she mentioned the problem to the daughter's pre-school teacher. The teacher, a mandated reporter, alerted Alameda County Child Protective Services, where the case was assigned to Castro. Castro found the mother's failure to take the daughter to a doctor indicative of Franet's inability to protect her children from abuse. After removing the children, Castro arranged for a sexual assault examination of the daughter. The exam was inconclusive.

Cross–Appellee Joan Hintzen was assigned to investigate the case following the removal, and she placed the children in foster care. Hintzen limited Franet's contact with her children to one-minute phone calls three times a week. Due to the stress of the removal, Franet was hospitalized for a nervous breakdown. Hintzen visited Franet in the hospital and obtained written consent to examine Franet's medical records.

On October 12, 2001, a judge ordered the children returned to their mother.

Franet brought suit under 42 U.S.C. § 1983 against Castro, Hintzen, and the County of Alameda, alleging violations of her constitutional rights. The district court granted summary judgment to Hintzen and judgment as a matter of law to the County. The case against Castro was tried to a jury, and the jury returned compensatory and punitive damages awards for Franet. The judge struck the punitive damages award.

This consolidated appeal presents us with six issues: three from Castro's appeal and three from Franet's cross-appeal.

### Castro's Appeal

1. Castro appeals the jury's award of $220,000 in compensatory damages. We must uphold the jury's verdict if substantial evidence supports it. See Wallace v. City of San Diego, 479 F.3d 616, 624 (9th Cir.2007).

■ We affirm the jury's award of $170,000 in compensatory damages to Franet for the warrantless removal of her children. The law was clearly established that social workers cannot remove children without a warrant except in emergency circumstances. See Wallis v. Spencer, 202 F.3d 1126, 1138 (9th Cir.2000). It was proper for the jury to decide whether a reasonable social worker in Castro's position would have seized the children. See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1108 (9th Cir.2001). There was sufficient evidence for the jury to conclude that Castro's actions in seizing the children without a warrant were unreasonable: the children were not due to return to their father's custody for several days, Franet had a medical

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

appointment for her daughter scheduled for the very afternoon of the removal, Castro admitted she would have had time to obtain a warrant, and there was no evidence even to suggest that the father had abused the son. As the jury found that Castro's conduct violated Franet's constitutional rights and the judge found that those rights were clearly established, Castro is not entitled to qualified immunity for the removal. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

■ However, we reverse the jury's award of $50,000 to Franet for Castro's actions in taking the daughter for a sexual assault examination without Franet's consent or knowledge. While the jury was permitted to decide if Castro's conduct was reasonable, the district judge failed to find that the law giving parents the right to authorize their children's medical examinations was well-established. The decision of whether or not a right is clearly established is the province of the judge, not the jury, and the law on this right was not clearly established. *See Wilson v. Layne,* 526 U.S. 603, 617, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). Castro was entitled to invoke qualified immunity on this issue.

2. We affirm the district court's refusal to grant Castro judgment as a matter of law or a new trial. Substantial evidence supported the verdict, *see Graves v. City of Coeur D'Alene,* 339 F.3d 828, 838–39 (9th Cir.2003), and the district court did not abuse its discretion in concluding that the verdict was not "against the clear weight of the evidence." *See Molski v. M.J. Cable,* 481 F.3d 724, 732 (9th Cir.2007).

■ 3. We affirm the district court's jury instructions on qualified immunity. The reasonableness of Castro's conduct in removing the children was an issue of fact for the jury to determine. *See Mabe,* 237 F.3d at 1108. The given instruction

[Y]ou are asked to determine whether Karen Castro was justified by a reasonable belief that her actions were lawful. This reasonable inquiry is an objective one. The question is whether a reasonable social worker under those same circumstances would believe she had a reasonable basis for removing Plaintiff's children.

is a "classic qualified immunity instruction." *See Ortega v. O'Connor,* 146 F.3d 1149, 1155 (9th Cir.1998).

### Franet's Cross–Appeal

■ 4. We affirm the district court's decision to strike the punitive damages award. Unlike the objective standard for qualified immunity, the punitive damages award is dependent on a subjective inquiry into Castro's personal state of mind. *See Hemmings v. Tidyman's Inc.,* 285 F.3d 1174, 1197 (9th Cir.2002). While there is sufficient evidence to support the conclusion that Castro's actions were unreasonable, there is a lack of evidence that her conduct was motivated by malice or indifference to Franet's rights. *See Dang v. Cross,* 422 F.3d 800, 807 (9th Cir.2005).

5. We affirm summary judgment for Hintzen on Franet's claims that Hintzen violated her rights by not returning the children following their removal, by restricting Franet's telephone and visitation access to her children following the dependency hearing, and by obtaining Franet's medical records as part of Hintzen's investigation supporting the dependency petition. Hintzen is entitled to qualified immunity, rather than absolute immunity, for her pre-hearing conduct. *See Beltran v. Santa Clara County,* 514 F.3d 906, 908–09 (9th Cir.2008).

■ 6. We reverse the district court's decision to grant the County judgment as a matter of law. There was enough evi-

dence to warrant a jury determination as to whether the County had an unconstitutional policy of seizing children without warrants in the absence of emergency circumstances or that the County had failed to train its social workers on what constituted an emergency. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Franet introduced evidence at trial that between 1999 and 2002, the County had not obtained a single warrant despite removing more than 5000 children from their families. Castro and other County employees testified that they never obtained warrants prior to removing children. While the County may have instructed its social workers to only remove children in emergency situations, we agree with the district court's statement denying summary judgment to the County that "a significant discrepancy may exist between the meaning of 'imminent danger' as understood by Castro and her peers, and the definition given to that term by the Ninth Circuit." The County produced no evidence at trial to dispute that conclusion.

The district court's award of attorney's fees to Franet against Castro was not appealed. We note that the district court reduced its award against Castro because there were other defendants in the case against whom Franet had not prevailed. If Franet prevails against the County on remand, the district court may enter an award of attorney's fees against the County, over and above its award of attorney's fees against Castro.

Each party shall bear their own costs on appeal.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**