FILED

NOT FOR PUBLICATION

NOV 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VANESSA HALDEMAN; et al.,<br><br>    Plaintiffs - Appellees,<br><br>  v.<br><br>RUTH GOLDEN, in her individual capacity; et al.,<br><br>    Defendants,<br><br> and<br><br>KAREN DUTY, in her individual capacity,<br><br>    Defendant - Appellant. | No. 08-15648<br><br>D.C. No. 05-CV-00810-DAE<br><br><br>MEMORANDUM [*] |

| | |
|---|---|
| VANESSA HALDEMAN; et al.,<br><br>    Plaintiffs - Appellees,<br><br>  v.<br><br>RUTH GOLDEN, in her individual | No. 08-16352<br><br>D.C. No. 1:05-cv-00810-DAE-KSC |

---

 [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

capacity; et al.,

Defendants,

and

DONALD CUPP, in his individual capacity,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Argued and Submitted October 14, 2009
Honolulu, Hawaii

Before: BEEZER, GRABER and FISHER, Circuit Judges.

State social workers Karen Duty and Donald Cupp appeal from the district court's partial denial of qualified immunity from child-plaintiffs Vanessa and Benjamin Haldeman's 42 U.S.C. § 1983 and state law claims. We have jurisdiction over interlocutory appeals taken from a district court's denial of summary judgment based on a claim of qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). We review a district court's denial of qualified immunity de novo on appeal. *Elder v. Holloway*, 510 U.S. 510, 516 (1994). We reverse the district court's denial of qualified immunity.

2

The facts of this case are known to the parties. We do not repeat them.

The claims contained in counts 1, 2, 4, 5, 7, 8 and 10 of the Haldeman children's second amended complaint as alleged against Duty and Cupp are properly before the court on appeal. We do not decide any other issues as to any other parties.

## I

Counts 1 and 2 of the Haldeman children's second amended complaint contain their § 1983 claims and conspiracy claims against Duty and Cupp. Qualified immunity protects § 1983 defendants from civil liability unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Under *Pearson v. Callahan*, the court may determine whether the constitutional right asserted was clearly established at the time of the alleged violation without first determining whether the defendants actually violated a constitutional right. 129 S. Ct. 808, 818 (2009).

## A

The district court incorrectly denied Duty and Cupp qualified immunity against the constitutional claims contained in count 1, including claims resting on

allegations of assuming custody of the Haldeman children, filing a petition in the family court and causing Vanessa's medical examination.

Duty and Cupp are entitled to summary judgment for taking custody of the Haldeman children. The clearly established constitutional right of parents and children to live together without government interference, *Santosky v. Kramer*, 455 U.S. 745, 753 (1982), is limited by the government's need to investigate serious claims of abuse. *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000). Duty and Cupp had a serious and important obligation to protect child welfare and had good cause to believe that parental sexual abuse had occurred. Duty and Cupp did not need a court order to take custody of the children because they had reasonable cause to believe that both children were in "imminent danger of serious bodily injury." *Id.*

Duty and Cupp are entitled to absolute immunity against claims based on the filing of a custody petition in family court. *See Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (per curiam) (en banc). Duty and Cupp are also entitled to qualified immunity against claims that they deliberately falsified evidence. The Haldeman children fail to support their claim of deliberate evidence falsification with anything other than expert reports that criticize Duty and Cupp's interviewing techniques. "[T]here is no constitutional due process right to have

4

child witnesses in a child sexual abuse investigation interviewed in a particular manner, or to have the investigation carried out in a particular way." *Devereaux v. Abbey*, 263 F.3d 1070, 1075 (9th Cir. 2001) (en banc).

Duty and Cupp are entitled to summary judgment for claims that they caused Vanessa's medical exam. No evidence in the record links Duty and Cupp to the authorization or performance of the medical exam. The Haldeman children thus bear the burden of providing evidence demonstrating a genuine issue of material fact for trial. Fed. R. Civ. P. 56(e); *Devereaux*, 263 F.3d at 1076. The Haldeman children offer no evidence of Duty's or Cupp's personal participation.

**B**

Duty and Cupp are entitled to summary judgment on count 2, which alleges a civil conspiracy. A civil conspiracy claim, as opposed to a claim under 42 U.S.C. § 1985, holds private actors liable under § 1983 when they conspire with state actors to violate a person's constitutional rights. *Tower v. Glover*, 467 U.S. 914, 920 (1984). It is not a means of holding state actors liable on claims from which they are otherwise immune. While the existence of a conspiracy would eliminate the requirement that Duty and Cupp personally participated in Vanessa's medical exam, no evidence in the record supports the existence of an agreement to carry out that exam.

5

**II**

Counts 4, 5, 7, 8 and 10 of the Haldeman children's second amended complaint raise claims of negligence, gross negligence, intentional infliction of emotional distress, social worker malpractice and invasion of privacy. All of these claims are based on Duty and Cupp having taken custody of the Haldeman children, filing the custody petition in family court and causing Vanessa's medical examination.

The district court incorrectly denied state law immunity to Duty and Cupp on all counts. Hawaii state law provides immunity to state social workers investigating child abuse cases for acts performed within the scope of their duties. Haw. Rev. Stat. § 350-3(b). This statute provides at least the same level of immunity as provided under federal law. The same analysis above therefore applies to the state law claims.

The district court is directed to dismiss all claims against Duty and Cupp.

**REVERSED and REMANDED.**