**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID BARRAGAN, individually; et al., | No. 08-16790 |
| Plaintiffs - Appellants, | D.C. No. 3:06-cv-00310-LRH-VPC |
| v. | |
| ROBIN LANDRY, individually, and as an employee of the Division of Child Protective Services of the State of Nevada existing under the laws of the State of Nevada; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and submitted November 6, 2009
San Francisco, California

Before: HAWKINS and THOMAS, Circuit Judges, and KORMAN,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District
Judge of the Eastern District of New York, sitting by designation.

Students and their parents appeal the dismissal on summary judgment of their 42 U.S.C. § 1983 claims against Robin Landry ("Landry"), rural manager of the Nevada Division of Child and Family Services ("DCFS"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I

We review the grant of summary judgment *de novo*. *Guru Nanuk Sikh Soc'y of Yuba City v. County of Sutter*, 456 F.3d 978, 985 (9th Cir. 2006). In order to survive summary judgment concerning a 42 U.S.C. § 1983 violation, a plaintiff must present evidence showing that (1) the complainant has been deprived of a right "secured by the Constitution and the laws" of the United States and (2) the action complained of was committed by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155–56 (1978).

The doctrine of qualified immunity provides immunity from a civil suit for damages to a state actor who violates a constitutional right if the "contours of the right" were not sufficiently clear at the time so that a reasonable official would understand what he is doing violates that right." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled on other grounds by Pearson v. Callahan*, 129 S. Ct. 808 (2009). If the contours of the right were not clearly established, then we may affirm on that basis without reaching the question of whether a constitutional

violation has occurred. *Pearson*, 129 S.Ct. at 816 (internal quotation marks omitted). Social workers may be entitled to qualified immunity for actions taken during preliminary investigations. *See Beltran v. Santa Clara County*, 514 F.3d 906, 908–09 (9th Cir. 2008) (en banc) (per curiam), overruling *Doe v. Lebbos*, 348 F.3d 820 (9th Cir. 2003).

"The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Id.* at 815 (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting).

After a careful *de novo* review of the record, the briefs, and arguments of the parties, we conclude that Landry is entitled to qualified immunity because the contours of the rights at issue in this case were not clearly established at the time of the actions.

## II

The student plaintiffs allege that Landry violated their Fourth Amendment right to be free from unreasonable searches and seizures.

In *Wallis v. Spencer*, 202 F.3d 1126 (9th Cir. 2000), we discussed a child's Fourth Amendment right to be free from seizure from his or her parents by a state social worker or other child services employee. We held that:

3

> Officials may remove a child from the custody of its parent without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury.

*Id.* at 1138.

We have recently held that a government official must have a court order, parental consent, or exigent circumstances like those discussed in *Wallis*, before seizing a child at school in order to investigate allegations that child has been the victim of abuse. *Greene v. Camreta*, No. 06-35333, 2009 WL 4674129, at *14 (9th Cir. Dec. 10, 2009). We also held that the scope of the child's Fourth Amendment right at school was not clearly established prior to our announcement in that case. *Id.* at *14–*15. Therefore, our qualified immunity analysis was governed by the "lesser . . . standard" from *New Jersey v. T.L.O.*, 469 U.S. 325, 341 (1985), which announced a rule with regard to "'special needs' cases" of which government officials would have been aware. *Greene,* 2009 WL 4674129, at *15. This is so because, where a defendant's action are clearly unconstitutional under a lesser standard that the defendant regards to be applicable, then qualified immunity is not available—her "actions could not then be said to be 'reasonabl[e], but mistaken[ ]' with regard to whether [the plaintiffs'] constitutional rights were

4

violated." *Id.* (quoting *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001)) (first and second alterations in *Greene*).

As in *Greene*, *T.L.O.* announced the constitutional standard that "a reasonable person would have known" to govern Landry's conduct at the time of the seizure of the children by DCFS. *Pearson*, 129 S.Ct. at 815 (citation omitted). Under *T.L.O.*, probable cause is not required. Rather, under *T.L.O.*, a search or seizure at a school is "reasonable" if it is "justified at its inception" and "reasonably related in scope to the circumstances which justified the interference in the first place." 469 U.S. at 341. If Landry "'could . . . have reasonably but mistakenly believed that . . . her conduct did not violate'" that standard, she is entitled to qualified immunity. *Greene,* 2009 WL 4674129, at *14 (quoting *Jackson*, 268 F.3d at 641 (first omission in *Greene*).

Landry and DCFS removed the children from the school after compiling a significant amount of evidence of sexual activity at the school involving both students and at least one staff member, problems with the provision of medical care, poor living conditions in the trailer in which the male students had previously been housed, the possible criminal record of two employees, and dearth of around-the-clock supervision. Based on this evidence, Landry could reasonably have

believed that DCFS was justified in removing the students from the school for their own safety.

Although it is not clear from the record precisely when DCFS contacted the students' parents, it is uncontroverted that some parents arrived before their children had been housed in a new facility. And while DCFS placed some of the students in youth prison facilities temporarily, it supervised the students itself, isolating them from both the staff and youth at the prison. Therefore, Landry also could reasonably have believed that the seizure was justified in its scope.

### III

The parent plaintiffs have alleged violation of their Fourteenth Amendment liberty interest in family integrity.

In *Wallis*, we explained that "the same legal standard applies in evaluating Fourth and Fourteenth Amendment claims for the removal of children" from the custody of their parents. 202 F.3d at 1137 n.8. In *Burke v. County of Alameda*, 586 F.3d 725 (9th Cir. 2009), we extended our holding in *Wallis* to parents with legal custody of their children, regardless of whether they also possess physical custody. *Id.* at 733. However, we explained that the *Wallis* test "is flexible and must take into account the individual circumstances" of each case. *Id.* In particular, we noted that "if the parent without physical custody does not reside

6

nearby," and seizure is otherwise justified, "it is probably reasonable for a police officer to place a child in protective custody without attempting to place the child with the geographically distant parent." *Id.* We also explained that failure to contact a parent without physical custody of a child before taking that child into protective custody was not clearly unlawful at the time of the challenged conduct and granted the individual defendant qualified immunity. *Id.* at 734.

To hold that the parents here can proceed with their claim, we would have to determine that *Wallis* and *Burke* apply where a government official removed a child from the physical custody of a potentially dangerous school with the purpose of returning the student to his parents' custody, and we would have to overlook the physical distance between the school and the parents. More importantly, we would have to determine that the scope of parents' rights were more clearly established at the time of the seizure than those of the students themselves, which we are unwilling to do.

Therefore, for the reasons discussed in the previous section, Landry could reasonably have believed that any intrusion upon the parents' liberty interest was justified at its inception and reasonable in its scope.

7

Because Landry is entitled to qualified immunity as to both the Fourth and Fourteenth Amendment claims, we affirm the district court's grant of summary judgment.

**AFFIRMED.**