NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL E. CHAMBERS,

Plaintiff - Appellant,

v.

SANTA CLARA COUNTY; et al.,

Defendants - Appellees.

No. 07-17240

D.C. No. CV-05-03308-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted October 25, 2011[**]

Before:    TROTT, GOULD, and RAWLINSON, Circuit Judges.

    Daniel E. Chambers appeals pro se from the district court's summary
judgment in his 42 U.S.C. § 1983 action alleging that defendants violated his
constitutional rights and committed state tort violations in connection with
dependency proceedings. We have jurisdiction under 28 U.S.C. § 1291. We

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo. *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 841 (9th Cir. 2010). We may affirm on any ground supported by the record, *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009), *cert. denied*, 131 S. Ct. 79 (2010), and we affirm.

The district court properly concluded that defendant Dudley was entitled to absolute immunity from Chambers's § 1983 claims concerning the initiation of child dependency proceedings. *See Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc) (per curiam). Further, Chambers failed to raise a genuine dispute of material fact as to whether Dudley made any misrepresentation in the dependency petition. *See id.* Accordingly, summary judgment was proper on the claims concerning Dudley's actions in connection with the dependency proceedings.

The district court properly granted summary judgment for the social worker defendants on Chambers's other § 1983 claims because Chambers failed to raise a triable dispute as to whether defendants acted "with such deliberate indifference to the liberty interest that their actions shock the conscience." *Tamas*, 630 F.3d at 844 (citation and internal quotation marks omitted).

Summary judgment was proper for the remaining defendants on Chambers's § 1983 claims arising from the social workers' conduct because Chambers failed to

raise a triable dispute as to whether the social workers violated his constitutional rights or whether these remaining defendants acted with deliberate indifference. *See id.*; *see also Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (there is no municipal liability if there is no underlying constitutional violation).

The district court properly granted summary judgment on Chambers's state law claims because Chambers failed to raise a triable dispute as to whether defendants were stripped of immunity. *See* Cal. Gov't Code §§ 815.2, 820.2, 821.6 (discussing immunities for public employees and entities); *see also id.* § 820.21 (providing exceptions to immunity for juvenile social workers).

Chambers's remaining contentions are unpersuasive.

**AFFIRMED.**