

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER HUK; BEVERLY RAFF, | No. 14-55680 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-02317-DSF-VBK |
| v. | |
| COUNTY OF SANTA BARBARA; KATHY GALLAGHER; DELFINO NEIRA; CINDY NOTT; SUSAN TOGNAZZINI; KATHY DAVIS; JULIE DE FRANCO; CHRISTEL BARROS; FRANCENE KELLY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted April 7, 2016
Pasadena, California

Before: FARRIS, SENTELLE[**], and M. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David Bryan Sentelle, Senior Circuit Judge for the U.S. Court of Appeals for the District of Columbia Circuit, sitting by designation.

Peter Huk and Beverly Raff appeal the dismissal of three constitutional due process claims they brought pursuant to 42 U.S.C. § 1983. They allege a violation of their substantive due process rights against individual defendants for fabricating evidence and deceiving the juvenile court in civil child custody proceedings. They also allege a violation of their procedural due process rights against the individual defendants and the County of Santa Barbara for removing their foster child from their care without notice or an opportunity to object. We have jurisdiction under 28 U.S.C. § 1291 and we review the dismissal of Appellants' claims *de novo*. We VACATE IN PART AND AFFIRM.

To pursue a § 1983 claim against the individual defendants, plaintiffs must plead facts sufficiently alleging a violation of a constitutional right and show that the asserted right was so clearly established that a reasonable state actor would understand that his or her actions violated that right. *See Filarsky v. Delia*, 132 S. Ct. 1657 (2012). Huk and Raff assert a violation of their substantive due process right not to suffer a deprivation of liberty based on fabricated evidence and false representations in child custody proceedings. This right was clearly established in 2010, at the time of defendants' alleged unconstitutional conduct. *See Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc)*; Beltran v. Santa Clara County*, 514 F.3d 906 (9th Cir. 2008) (en banc); *Greene v. Camreta*, 588 F.3d

2

1011, 1035 (9th Cir. 2009); *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1113–14 (9th Cir. 2010). The district court's holding on this claim misapplies this Court's holding in *Costanich*. That portion of the district court's opinion is vacated.

The Supreme Court has explained that constitutionally-protected liberty interests in familial relationships derive from the intrinsic and traditional value placed on biological connection, parental instruction, and the emotional bonds that form from the intimacy of daily association. *Smith v. Organization of Foster Families for Equality and Reform* ("OFFER"), 431 U.S. 816, 844–45 (1977). Where a claimed liberty interest in a familial relationship "derives from a knowingly assumed contractual relation with the State, it is appropriate to ascertain from state law the expectations and entitlements of the parties." *Id*. at 845–46. We recognize that the emotional bonds and child-rearing relationship in a foster family may grow so strong that a protected liberty interest develops. *Id.* at 844.

Yet, the district court correctly held that California law did not here create a protected liberty interest in the continued custody of a foster child. State law creates an interest protected by the Due Process Clause only if the law contains "(1) substantive predicates governing official decision-making, and (2) explicitly mandatory language specifying the outcome that must be reached if the substantive

predicates have been met." *James v. Rowlands*, 606 F.3d 646, 656 (9th Cir. 2010) (quoting *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995)).

State law requires the California Department of Social Services to provide pre-removal notice and a grievance process for foster parents to contest the removal of a foster child, but these laws do not establish substantive predicates or mandate any outcomes. *See* DSS Manuel §§ 31-440, 31-020. A social worker's removal authority is highly discretionary and is not governed by objective and defined criteria. *See* Cal Wel. & Inst. § 306. These regulations do not entitle foster parents, as a matter of federal constitutional right, to the notice and grievance procedures required by California law. Here, as there is no entitlement, there is no constitutional interest to protect with process.

Even if it can be established that Huk and Raff were deprived of their custody of their foster child through allegedly deceptive means and without any opportunity to contest the validity or reason behind the removal, they have not and can not demonstrate that their custody of their foster child was a liberty interest protected by the Due Process Clause. *Cf. Elwell v. Byers*, 699 F.3d 1208, 1217 (10th Cir. 2012) (finding liberty interest where foster parents had cared for child for "nearly his entire life and were on the verge of adopting him," but "recogniz[ing] that the typical foster care arrangement generally does not create a

4

liberty interest in familial association."). And nothing in the record would support a conclusion that Appellants can be designated as "prospective adoptive parents" for constitutional purposes.[1] Both their procedural and substantive due process claims against the individual defendants and the County of Santa Barbara must fail.

We understand Appellants' position. We do not question their genuine love for their foster child, but the question before us is whether the actions about which they complain deprived them of a constitutionally protected liberty interest. In so ruling, we do not ignore the desirability of process to contest a removal. We only hold that nothing more than what was done here was constitutionally required.

**VACATED IN PART AND AFFIRMED**.

The two pending motions to take judicial notice, entered 11/05/14 [docket no. 9] and 01/05/15 [docket no. 25], are **GRANTED**.

---

[1] We note that the California Court of Appeal affirmed the rejection of Appellants' request for de facto parent status and request for an adoptive home study. *In re Rickey T.*, 2d Juv. No. B229647, 2011 Cal. App. Unpub. LEXIS 7644, *10–*15 (Cal. Ct. App. 2011).