NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORRAINE PATTERSON, | No. 15-17308 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00321-NVW |
| v. | MEMORANDUM[*] |
| ARIZONA DEPARTMENT OF ECONOMIC SECURITY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Lorraine Patterson appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging that more than a dozen defendants

violated her constitutional rights in connection with the removal of Patterson's

daughter from her custody.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly dismissed Patterson's claims against the Arizona Department of Economic Security as barred by the Eleventh Amendment. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under the Eleventh Amendment neither state nor state agency may be sued in federal court without its consent).

The district court properly dismissed Patterson's claims against Maricopa County, the City of Mesa and the Mesa Police Department because Patterson failed to allege facts sufficient to show a policy or custom of any of these entities resulting in a constitutional violation. *See AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (pleading requirements for a liability claim against a municipality under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978)).

The district court properly dismissed Patterson's claims against defendant Hansen as barred by prosecutorial immunity. *See Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1157 (9th Cir. 1987) (absolute immunity extends to quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings).

The district court properly dismissed Patterson's claims against defendants Milstead, McKay, Rodriguez and Stiles because Patterson failed to allege facts sufficient to show that any of these defendants were the cause of Patterson's claimed deprivation of constitutional rights. *See Baker v. McCollan*, 443 U.S. 137, 142 (1979) ("[A] public official is liable under § 1983 only if he *causes* the plaintiff to be subjected to deprivation of his constitutional rights." (internal quotation marks omitted)).

The district court's dismissal of defendants Miller, Nelson-McCall, Romero, Mathlin and Youngman was improper. The district court concluded that these defendants were entitled to absolute immunity as child services workers performing quasi-judicial functions. However, Patterson alleged that they made false statements and fabricated evidence in connection with the dependency proceeding that terminated Patterson's custody over her daughter, and we have held that social workers are not immune from such claims. *See Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc) (social workers are "not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury . . . ."); *see also Hardwick v. County of Orange*, 844 F.3d 1112, 1115-16 (9th Cir. 2017) (social workers are not entitled to absolute immunity from claims alleging that they submitted false statements and fabricated

evidence in dependency proceedings).  Accordingly, we reverse the dismissal of these defendants only, and remand for further proceedings.

The district court did not abuse its discretion in denying Patterson leave to file a fourth amended complaint because Patterson failed to establish good cause for her undue delay in seeking to amend.  *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review and factors relevant to a motion to amend).

We reject as unsupported by the record Patterson's contentions regarding judicial bias and fraud upon the court.

Patterson's motion to file a substitute reply brief (Docket Entry No. 74) is granted.  The Clerk shall file the reply brief submitted as Docket Entry No. 75.  To the extent that Patterson seeks any other relief, this motion (Docket Entry No. 74) is denied.

Patterson's other pending motions (Docket Entry Nos. 18, 23, 36, 52, 53, 56, 70, 76 and 79) are denied.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**