NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLGA C., | No. 15-17044 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-01691-EJD |
| v. | |
| COUNTY OF SANTA CLARA; SANTA CLARA COUNTY SOCIAL SERVICES AGENCY; DEPARTMENT OF FAMILY AND CHILDREN SERVICES; JANET CAUDILLO, erroneously sued as Janet Trujillo; individually and as an employee of the County of Santa Clara; DARLENE SANDOVAL, individually and as an employee of the County of Santa Clara; DOES, 1-20, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| OLGA C., | No. 15-17061 |
| Plaintiff-Appellee, | D.C. No. 5:15-cv-01691-EJD |
| v. | |
| COUNTY OF SANTA CLARA; SANTA CLARA COUNTY SOCIAL SERVICES AGENCY; DEPARTMENT OF FAMILY AND CHILDREN SERVICES; JANET | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

CAUDILLO, erroneously sued as Janet Trujillo; individually and as an employee of the County of Santa Clara; DARLENE SANDOVAL, individually and as an employee of the County of Santa Clara,

Defendants-Appellants,

and

DOES, 1-20, inclusive,

Defendant.

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted May 19, 2017[**]
San Francisco, California

Before: TALLMAN and IKUTA, Circuit Judges, and OLIVER,[***] Chief District Judge.

Plaintiff appeals the district court's judgment dismissing her 42 U.S.C. § 1983 and *Monell* claims under the *Rooker–Feldman* doctrine and remanding her state law claims to the Santa Clara County Superior Court. We have jurisdiction under 28 U.S.C. § 1291, *see Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1085

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Solomon Oliver, Jr., Chief United States District Judge for the Northern District of Ohio, sitting by designation.

(9th Cir. 2003), and we vacate the district court's order dismissing Plaintiff's federal claims without leave to amend, remand with instructions to dismiss those claims with leave to amend, and also reverse the order remanding Plaintiff's state law claims.

We review de novo a district court's dismissal under the *Rooker–Feldman* doctrine, *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), and its grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962 (9th Cir. 2016).  Where the district court denies leave to amend because amendment would be futile, we will affirm only if it is clear upon de novo review that the complaint cannot be saved by any amendment. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Amendment would not be futile in this instance.

**1.**  We vacate the district court's dismissal of Plaintiff's § 1983 and *Monell* claims for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. Where "a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker–Feldman* does not bar jurisdiction." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).  Here, Plaintiff's federal claims were based on Defendants' alleged extrinsic fraud on the Santa Clara County Juvenile Court in connection with dependency proceedings.  "A plaintiff alleging extrinsic fraud on a state court is not alleging a legal error by the state court; rather, he or

3

she is alleging a wrongful act by the adverse party." *Kougasian*, 359 F.3d at 1140–41.  Thus, *Rooker–Feldman* did not bar jurisdiction over Plaintiff's federal claims.[1]

**2.**  Plaintiff failed to state sufficient facts to allege plausible § 1983 and *Monell* claims against Defendants.  She failed to identify the specific false or fabricated evidence that Defendant Caudillo allegedly submitted to the juvenile court.  She also did not allege that Defendant Sandoval personally participated in her children's removal.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  And she failed to plead facts plausibly suggesting that Caudillo and Sandoval's actions were a product of official county policy.  *See Connick v. Thompson*, 563 U.S. 51, 60–61 (2011).  Lastly, Plaintiff does not have standing to assert any constitutional claims based on the harm that her daughter allegedly suffered as a result of her placement in foster care.  *See Valley Forge Christian Coll. v. Ams. United for Sep. of Church & State, Inc.*, 454 U.S. 464, 474 (1982).  However, because Plaintiff's federal claims may be saved by amendment, we remand to the district court with instructions to dismiss those claims with leave to amend to plead plausible facts in support of her theory of extrinsic fraud.

**3.**  We do not address the Defendants' affirmative defense of collateral estoppel.  "Failure to [raise] an affirmative defense below results in waiver, and the

---

[1]    Because Plaintiff did not bring a de facto appeal, "there are no issues with which the issues in her federal claims are 'inextricably intertwined' within the meaning of *Rooker–Feldman*." *Kougasian*, 359 F.3d at 1143.

4

issue cannot be raised for the first time on appeal." *Kelson v. City of Springfield*, 767 F.2d 651, 657 (9th Cir. 1985).  Nevertheless, if on remand to the district court, Defendants are allowed to assert the defense in response to an amended complaint, the district court may decide the issue on a far more developed factual record, including that of the juvenile court proceedings, than the one presently before us. *See Kougasian*, 359 F.3d at 1143–44.

**4.**  Absolute immunity will not bar a plausible § 1983 claim against Caudillo or Sandoval based on their alleged extrinsic fraud in the state dependency proceedings because social workers "are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury." *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc).

**5.**  Because *Rooker–Feldman* did not deprive the district court of subject matter jurisdiction over Plaintiff's federal claims, *see* 28 U.S.C. §§ 1331, 1343, the court may well have had supplemental jurisdiction over Plaintiff's state law claims. *Id.* § 1367(a).  We thus reverse the district court's order remanding Plaintiff's state law claims to the Santa Clara County Superior Court.

Each party shall bear its own costs on appeal.

**VACATED, REVERSED, AND REMANDED with instructions.**