**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LIZA BROWN,
    *Plaintiff-Appellant,*

   v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, a Department of the
State of California; CALIFORNIA
BOARD OF PRISON TERMS; SUSAN E.
POOLE; MITCHELL HARRIS; KEITH
THOMPSON; STEVE COOLEY;
KATHLEEN TUTTLE,
    *Defendants-Appellees.*

No. 07-55409

D.C. No.
CV-05-06048-
MMM

OPINION

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted
September 11, 2008—Pasadena, California

Filed January 22, 2009

Before: Alex Kozinski, Chief Judge, Andrew J. Kleinfeld
and Johnnie B. Rawlinson, Circuit Judges.

Opinion by Judge Rawlinson

**COUNSEL**

Richard Hamlish, Westlake Village, California, for appellant Liza Brown.

Jennifer A.D. Lehman, Senior Deputy County Counsel, Los Angeles, California, for appellees Steve Cooley, Mitchell Harris, Keith Thompson and Kathleen Tuttle.

Leena M. Sheet, Deputy Attorney General, Los Angeles, California, for appellees California Department of Corrections, Board of Prison Terms, and Warden Susan Poole.

**OPINION**

RAWLINSON, Circuit Judge:

Appellant Liza Brown challenges the district court's grant of summary judgment premised in part on Appellees' immu-

nity from Brown's claims under 42 U.S.C. § 1983. Brown was released from prison pursuant to our prior grant of her habeas petition. We held that Brown was entitled to release from prison based on an oral plea agreement providing that, if she did not violate prison disciplinary rules, she would be released in seven and one-half years. Brown was imprisoned beyond that period of time. After she was released, she filed a lawsuit under § 1983 against the prosecutors who appeared on behalf of the state and advocated for her continued imprisonment at Brown's parole hearings. Brown also sued the parole board members, the California Department of Corrections, the California Board of Prison Terms, and the prison warden.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the district court's entry of summary judgment in favor of all Appellees.

## I.  BACKGROUND

Brown's claims stem from our grant of Brown's habeas petition in *Brown v. Poole*, 337 F.3d 1155 (9th Cir. 2003). After being "charged with first-degree murder for shooting her husband," Brown entered into an oral plea agreement. *Id.* at 1157. During the plea colloquy, the prosecutor stated that, if Brown avoided disciplinary problems while in prison, she would be released on parole in "half of the 15 years" that was her minimum sentence. *Id.* at 1158. We held that Brown, who had served more than seven and one-half years without disciplinary problems, was entitled to release pursuant to the prosecutor's promise made during the plea colloquy. *Id.* at 1160-62.

After her release from prison, Brown filed a lawsuit pursuant to 42 U.S.C. § 1983 against the prosecutors who participated in her parole hearings. Brown alleged that the prosecutors intentionally interfered with a contractual relationship when they recommended during Brown's parole

hearings that she remain in prison. On related grounds, Brown sued Steve Cooley, the Los Angeles District Attorney; the parole board members; Susan Poole, the prison warden; the California Department of Corrections; and the California Board of Prison Terms.

The district court granted summary judgment in favor of all Appellees. The district court concluded that the prosecutors and the parole board members were entitled to absolute immunity; that there was not a triable issue of fact regarding Warden Poole's liability; and that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity. Brown filed a timely notice of appeal.

## II.   STANDARDS OF REVIEW

"A district court's grant of summary judgment is reviewed de novo, and we are to affirm if, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact[.]" *Torres v. City of Madera*, 524 F.3d 1053, 1055 (9th Cir. 2008) (citations omitted).

"Whether a public official is entitled to absolute immunity is a question of law that is reviewed de novo." *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008) (citation omitted).

## III.   DISCUSSION

### A.   Absolute Immunity For Parole Recommendations Made By State Prosecutors

[1] "Parties to section 1983 suits are generally entitled only to immunities that existed at common law." *Beltran v. Santa Clara County*, 514 F.3d 906, 908 (9th Cir. 2008) (en banc) (citation omitted). "Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922

(9th Cir. 2004) (citations omitted). "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* (citation and internal quotation marks omitted). "Likewise, the protections of absolute immunity accorded prosecutors reflect the concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Id.* at 923 (citation and internal quotation marks omitted).

**[2]** We have not specifically addressed in our reported decisions a prosecutor's immunity for parole recommendations. However, other circuits have resolved similar issues by granting absolute immunity. In *Johnson v. Kegans*, 870 F.2d 992, 994 (5th Cir.), *cert. denied*, 492 U.S. 921 (1989), the Fifth Circuit considered a section 1983 claim against a county prosecutor who filed a letter with the Texas Board of Pardons and Parole recommending a denial of parole. The Fifth Circuit opined that "[p]rosecutors and other necessary participants in the judicial process enjoy quasi-judicial immunity . . . Prosecutors are absolutely immune from liability for initiating prosecutions and other acts intimately associated with the judicial phase of the criminal process. This prosecutorial immunity extends to individuals serving prosecutorial functions at administrative hearings." *Id.* at 996 (citations and internal quotation marks omitted). The Fifth Circuit held that "[i]f parole decision making is immune because it is an extension or arm of judicial sentencing, then those whose official roles in the judicial sentencing process leads them to also participate in the parole decision-making process should enjoy no less immunity than that afforded for their participation in the judicial process." *Id.* at 998; *cf. Lucien v. Preiner*, 967 F.2d 1166, 1167-68 (7th Cir.), *cert. denied*, 506 U.S. 893 (1992) (holding that the state prosecutor was absolutely immune for

opposing a grant of executive clemency because the determination of executive clemency, like a parole decision, is an extension of the sentencing process); *Daloia v. Rose*, 849 F.2d 74, 75 (2d Cir.), *cert. denied*, 488 U.S. 898 (1988) (concluding that the federal prosecutor was absolutely immune for transmitting false information to parole authorities); *Allen v. Thompson*, 815 F.2d 1433, 1434 (11th Cir. 1987) (granting federal prosecutors absolute immunity for forwarding allegedly malicious information to the Parole Commission).

**[3]** We join our sister circuits in holding that prosecutors should be afforded absolute immunity for parole recommendations, because parole decisions are a continuation of the sentencing process. This conclusion is warranted because of the manner in which prosecutors participate in California's parole hearings. A California statute provides for the prosecutor's advocacy role in parole proceedings. Pursuant to Cal. Code Regs. tit. 15, § 2030(a)(3), "[a] representative of the district attorney of the county from which a life prisoner was committed may participate in any parole consideration or rescission hearing for that prisoner."

> The role of the prosecutor is to comment on the facts of the case and present an opinion about the appropriate disposition. In making comments, supporting documentation in the file should be cited. The prosecutor may be permitted to ask clarifying questions of the hearing panel, but may not render legal advice.

*Id.* § 2030(d)(2). This statutorily sanctioned advocacy entitles prosecutors in California to absolute immunity, because "[a] prosecutor is protected by absolute immunity from liability for damages under § 1983 when performing the traditional functions of an advocate." *Genzler v. Longanbach*, 410 F.3d 630, 636 (9th Cir. 2005) (citation and internal quotation marks omitted).[1] Accordingly, we affirm the district court's grant of summary judgment in favor of the prosecutors.

---

[1] Brown asserts that prosecutors are not entitled to absolute immunity because they are members of the executive branch rather than the judicial

## B.   Absolute Immunity For Parole Board Decisions By Parole Board Members

**[4]** The district court properly granted summary judgment on Brown's claims against the parole board members, as parole board members are entitled to absolute immunity for parole board decisions. *See Bermudez v. Duenas*, 936 F.2d 1064, 1066 (9th Cir. 1991) ("Although a section 1983 action may be maintained against officials acting in their individual capacities, parole board officials are entitled to absolute immunity from liability for damages for their actions taken when processing parole applications.") (citations omitted).[2]

## C.   Warden Poole's Liability For Failure To Release Brown

**[5]** The district court properly granted summary judgment in favor of Warden Poole, as Brown failed to present any evidence that Warden Poole "set in motion a series of acts by others, which [she] knew or reasonably should have known, would cause others to inflict the constitutional injury." *Motley v. Parks*, 432 F.3d 1072, 1081 (9th Cir. 2005) (citation and alterations omitted). Brown acknowledged that Warden Poole

---

branch. However, Brown's proposition is contrary to controlling precedent. *See Butz v. Economou*, 438 U.S. 478, 511-12 (1978) ("We think that the Court of Appeals placed undue emphasis on the fact that the officials sued here are-from an administrative perspective-employees of the Executive Branch. Judges have absolute immunity not because of their particular location within the Government but because of the special nature of their responsibilities. This point is underlined by the fact that prosecutors-themselves members of the Executive Branch-are also absolutely immune."); *see also Miller*, 521 F.3d at 1145-47 (holding that the Governor of California has absolute immunity from § 1983 actions predicated on review of parole board decisions).

[2]Brown's argument that she does not challenge the parole board's denial of parole, but rather its refusal to comply with the plea agreement is unavailing as its denial of parole encompasses such considerations. *See Bermudez*, 936 F.2d at 1066.

did not participate in the parole hearings. Brown, therefore, failed to raise a genuine issue of material fact precluding summary judgment. *See Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005).

Additionally, Warden Poole lacked independent authority to make prison release decisions, as that is the parole board's responsibility. *See, e.g.*, Cal. Code Regs. tit. 15, § 2402(a) ("The *panel* shall *first* determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison.") (emphases added); *see* Cal. Code Regs. tit. 15, § 2000(b)(10) & (53) (defining the Board of Prison Terms and related hearing panel); Cal. Penal Code § 3041(a) (delineating the panel's obligation to set a release date absent extenuating safety concerns).

## D. Eleventh Amendment Immunity For Other State Actors

**[6]** The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity. *See Dittman v. California*, 191 F.3d 1020, 1025-26 (9th Cir. 1999) ("In the absence of a waiver by the state or a valid congressional override, under the eleventh amendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]") (citations, alteration, and internal quotation marks omitted); *see also Pittman v. Oregon Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007) ("[A]n unconsenting State is

immune from suits brought in federal courts by her own citizens as well as by citizens of another State.") (citation omitted).[3]

## IV.  CONCLUSION

Because the prosecutors, parole board members, and state agencies were entitled to immunity from Brown's § 1983 claims, and Brown failed to raise a genuine issue of material fact regarding Warden Poole's liability, the district court properly granted summary judgment in favor of all Appellees.

**AFFIRMED.**

---

[3]In her opening brief on appeal, Brown did not challenge the district court's ruling that she failed to produce evidence that Steve Cooley, the Los Angeles District Attorney, had formulated a policy opposing Brown's release. That issue is therefore waived. *See Rick-Mik Enters. v. Equilon Enters.*, 532 F.3d 963, 976 (9th Cir. 2008).