**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYRUS YOO KIM, | No. 09-35504 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-00688-JLR |
| v. | |
| CITY OF FEDERAL WAY, | MEMORANDUM [*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted November 17, 2009[**]

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Cyrus Yoo Kim appeals pro se from the district court's summary judgment

for defendant in his 42 U.S.C. § 1983 action alleging denial of his fundamental

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

JK/Research

right to exercise by hitting golf balls in a public park. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 749 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment for defendant because Kim failed to show that he has a fundamental right to exercise by hitting golf balls in a public park. *See Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008) ("To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived it of a constitutionally protected life, liberty or property interest."). Moreover, the City's ordinances prohibiting the hitting of golf balls in public parks and sanctioning those who do are rationally related to the legitimate public interest of safety in city parks. *See Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1234 (9th Cir. 1994) ("Legislative acts that do not impinge on fundamental rights or employ suspect classifications are presumed valid, and this presumption is overcome only by a clear showing of arbitrariness and irrationality.") (citation and internal quotation marks omitted).

The district court did not abuse its discretion by denying the motion to compel discovery because Kim's interrogatories were directed at non-parties and Kim has not shown that he suffered any prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and noting that the

trial court's broad decision to deny discovery "will not be disturbed except upon the clearest showing that [the] denial of discovery result[ed] in actual and substantial prejudice to the complaining litigant") (citation and internal quotation marks omitted).

The district court also did not abuse its discretion by denying Kim's motion for sanctions. *See Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995) (providing standard of review).

Kim's remaining contentions are unpersuasive.

**AFFIRMED.**