**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAL BHATIA, | No. 08-15847 |
| Plaintiff - Appellant, | D.C. No. 4:07-CV-02054-CW |
| and | |
| JANE DOE, | MEMORANDUM [*] |
| Plaintiff, | |
| v. | |
| STEPHEN G. CORRIGAN; et al., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Submitted April 5, 2010[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

Lal Bhatia appeals pro se from the district court's judgment dismissing his action alleging violation of his constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 749 (9th Cir. 2009) (immunity); *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (failure to state a claim). We affirm.

The district court properly dismissed Bhatia's *Bivens* claims against defendant Assistant United States Attorney Corrigan on absolute immunity grounds because Corrigan's alleged misconduct "was intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 129 S. Ct. 855, 861 (2009) (discussing circumstances under which prosecutors are entitled to absolute immunity) (internal quotation marks and citation omitted). To the extent Bhatia's allegations of a conspiracy to violate his civil rights are not barred on immunity grounds, the allegations are conclusory and insufficient to support a claim for relief. *See Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989).

Contrary to Bhatia's contention, the district court was not required to discipline Corrigan sua sponte. *See* N.D. Cal. Civ. L.R. 11-6(a) (permitting, but

not requiring, district courts to discipline attorneys who have engaged in unprofessional conduct); *see also Weissman v. Quail Lodge, Inc*., 179 F.3d 1194, 1198 (9th Cir. 1999) (noting that district courts are authorized to implement rules governing attorney discipline).

The district court did not abuse its discretion by denying leave to amend the complaint because the deficiencies could not be cured and Bhatia had previously amended the complaint. *See Abagninin v. AMVAC Chem. Corp*., 545 F.3d 733, 742 (9th Cir. 2008) (concluding that the district court did not abuse its discretion by denying leave to amend where the deficiencies could not be cured and the complaint had been previously amended).

The district court did not abuse its discretion by denying discovery before the Federal Rule of Civil Procedure 26(f) conference. *See United States v. Kitsap Physicians Serv*., 314 F.3d 995, 1000 (9th Cir. 2002) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (indicating that a district court need not grant a plaintiff discovery to identify Doe defendants if it is clear that the complaint would be dismissed on other grounds).

08-15847

Bhatia's motion to extend the time to file a reply brief, filed on October 15, 2009, is granted.  The clerk shall file the reply brief received on November 18, 2009.  Bhatia's motion for an extension of time to file the opening brief, filed on July 30, 2009, is denied as moot.

Bhatia's request for judicial notice is denied.

Bhatia's remaining contentions are unavailing.

**AFFIRMED.**

08-15847