**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FERNANDO ARANDA, | No. 09-17473 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01871-DOC |
| v. | |
| M. MARTEL; DEPARTMENT OF CORRECTIONS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
David O. Carter, District Judge, Presiding[**]

Submitted February 15, 2011[***]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

California state prisoner Fernando Aranda appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging due process

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable David O. Carter, United States District Judge for the Central District of California, sitting by designation.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violations arising from the possible loss of his confidential mail and the resulting administrative grievance procedure. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record. *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996). We affirm.

The district court properly dismissed the action against Warden Martel because, contrary to Aranda's contention, Warden Martel cannot be held liable under respondeat superior for the possible loss of mail. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a supervisor is not liable for constitutional violations of his subordinates unless he "participated in or directed the violations, or knew of the violations and failed to act to prevent them"). Further, Aranda had no liberty interest in an investigation or in the grievance procedure. *See Wilkinson v. Austin*, 545 U.S. 209, 221-23 (2005) (discussing liberty interests under the due process clause); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

The California Department of Corrections and Rehabilitation, as a state agency, is immune from suit under the Eleventh Amendment. *See Brown v. Cal.*

*Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009).  Accordingly, the district court properly dismissed the action against this defendant as well.

Aranda's remaining contentions are unpersuasive.

**AFFIRMED.**