NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL MATEOS SANDOVAL and SIMEON AVENDANO RUIZ, individually and as class representatives, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> COUNTY OF SONOMA; et al., <br><br> Defendants - Appellants, <br><br> And <br><br> CITY OF SANTA ROSA; et al., <br><br> Defendants. | No. 13-15250 <br><br> D.C. No. 3:11-cv-05817-TEH <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Submitted February 12, 2015**
San Francisco California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA, McKEOWN, and CLIFTON, Circuit Judges.

The County of Sonoma, the Sonoma County Sheriff's Office, and Sonoma County Sheriff-Coroner Steve Freitas appeal the district court's denial of their motion to dismiss this 42 U.S.C. § 1983 suit on immunity grounds. We have jurisdiction under the collateral order doctrine. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993). On de novo review, *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 749 (9th Cir. 2009), we affirm.

Defendants first contend that they are entitled to immunity because they do not have "final policymaking authority." We reject this argument. The named defendants are officials "whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Defendants also assert that they are immune from suit because county sheriffs act as state, rather than county, officials when enforcing the California Vehicle Code. In *Brewster v. Shasta County*, 275 F.3d 803 (9th Cir. 2001), we held that "California sheriffs are county actors when investigating crime." *Id.* at 811. Three years later, in *Venegas v. County of Los Angeles*, 87 P.3d 1 (Cal. 2004), the California Supreme Court disagreed.

Despite these conflicting holdings, interpretation of federal statutes such as § 1983 is a matter of federal law, not state law. *Streit v. Cnty. of L.A.*, 236 F.3d

2

552, 560 (9th Cir. 2001). Defendants' arguments are foreclosed by *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014), *cert. denied*, No. 14-542, 2015 WL 133021 (U.S. Jan. 12, 2015). As we clarified in that case, *Venegas* "does not constitute 'an intervening decision on controlling state law' that would authorize, let alone require, us to overrule a prior decision." *Id.* at 766 (quoting *Miller v. Gammie*, 355 F.3d 889, 892-93 (9th Cir. 2003) (en banc)).

There is no material difference between the criminal investigations at issue in *Brewster* and the California Vehicle Code enforcement actions alleged to be unconstitutional in this suit. The district court correctly denied defendants' motion to dismiss.[1]


**AFFIRMED.**

---

[1] Defendants' motion to supplement the record and file supplemental briefing is denied.