UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL MATEOS SANDOVAL and SIMEON AVENDANO RUIZ, individually and as class representatives, Plaintiffs - Appellees, v. COUNTY OF SONOMA; et al., Defendants - Appellants, And CITY OF SANTA ROSA; et al., Defendants. | No. 13-15250 D.C. No. 3:11-cv-05817-THE Northern District of California, San Francisco ORDER |

Before: TASHIMA, McKEOWN, and CLIFTON, Circuit Judges.

The memorandum filed on February 17, 2015, is hereby amended. An amended memorandum is filed concurrently with this order.

With these amendments, the panel has voted to deny the petition for panel rehearing.

The full court has been advised of the petition for rehearing and rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and petition for rehearing en banc are

DENIED.  No further petitions for en banc or panel rehearing shall be permitted.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAFAEL MATEOS SANDOVAL and
SIMEON AVENDANO RUIZ,
individually and as class representatives,

        Plaintiffs - Appellees,

  v.

COUNTY OF SONOMA; et al.,

        Defendants - Appellants,

  And

CITY OF SANTA ROSA; et al.,

        Defendants.

No. 13-15250

D.C. No. 3:11-cv-05817-THE

AMENDED
MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Thelton E. Henderson, Senior District Judge, Presiding

Submitted February 12, 2015[**]
San Francisco California

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA, McKEOWN, and CLIFTON, Circuit Judges.

The County of Sonoma, the Sonoma County Sheriff's Office, and Sonoma County Sheriff-Coroner Steve Freitas appeal the district court's denial of their motion to dismiss this 42 U.S.C. § 1983 suit. We have jurisdiction under the collateral order doctrine. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 141 (1993). On de novo review, *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 749 (9th Cir. 2009), we affirm.

Defendants are not entitled to sovereign immunity, which does not apply to "suits prosecuted against a municipal corporation or other governmental entity which is not an arm of the State." *Alden v. Maine*, 527 U.S. 706, 756 (1999). We also reject defendants' argument that they are not "persons" subject to suit under § 1983 because they do not have "final policymaking authority." The named defendants are officials "whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Indeed, plaintiffs allege that defendants have adopted a vehicle impound policy that violates both the California Vehicle Code and the United States Constitution.

Defendants also assert that they are not subject to suit under § 1983 because county sheriffs act as state, rather than county, officials when enforcing the California Vehicle Code. In *Brewster v. Shasta County*, 275 F.3d 803 (9th Cir.

2

2001), we held that "California sheriffs are county actors when investigating crime." *Id.* at 811. Three years later, in *Venegas v. County of Los Angeles*, 87 P.3d 1 (Cal. 2004), the California Supreme Court disagreed.

Despite these conflicting holdings, interpretation of federal statutes such as § 1983 is a matter of federal law, not state law. *Streit v. Cnty. of L.A.*, 236 F.3d 552, 560 (9th Cir. 2001). Defendants' arguments are foreclosed by *Jackson v. Barnes*, 749 F.3d 755 (9th Cir. 2014), *cert. denied*, No. 14-542, 2015 WL 133021 (U.S. Jan. 12, 2015). As we clarified in that case, *Venegas* "does not constitute 'an intervening decision on controlling state law' that would authorize, let alone require, us to overrule a prior decision." *Id.* at 766 (quoting *Miller v. Gammie*, 355 F.3d 889, 892-93 (9th Cir. 2003) (en banc)).

There is no material difference between the criminal investigations at issue in *Brewster* and the California Vehicle Code enforcement actions alleged to be unconstitutional in this suit. The district court correctly denied defendants' motion to dismiss.[1] At this stage of the proceedings, we do not address whether qualified immunity might be available to defendants. We leave that question to the district court in the first instance.

---

[1] Defendants' motion to supplement the record and file supplemental briefing is denied.

**AFFIRMED.**