**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD DAVIS, III,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>FOLSOM CORDOVA UNIFIED SCHOOL DISTRICT; et al.,<br><br>    Defendants-Appellees, | No. 16-15027<br><br>D.C. No. 2:15-cv-01714-GEB-KJN<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted December 14, 2016[**]
San Francisco, California

Before: HAWKINS, BERZON, and MURGUIA, Circuit Judges.

Richard Davis appeals pro se the judgment dismissing with prejudice his

complaint against the Folsom Cordova Unified School District ("District") and three

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

individual defendants, Debbie Bettencourt, Anne Botsford, and Heidi Schultz, alleging various civil rights violations under 42 U.S.C. § 1983 and retaliation in violation of Title IX. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1126 (9th Cir. 2014), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The defendants initially argue that Davis is seeking to recover for the violation of his daughter's rights and as a result lacks standing to pursue the claims in the complaint. As Davis's briefing makes clear, however, Davis is attempting to allege violations of his personal rights and recover for the emotional distress resulting from acts allegedly taken in retaliation for the exercise of his First Amendment rights. Although Davis has standing to pursue claims based on the violation of his rights and actions taken in retaliation against him for his speech, *see, e.g.*, *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1318–19 (9th Cir. 1989), he has failed to allege sufficient facts to state any such claim.

The district court properly dismissed all claims under 42 U.S.C. § 1983 against the District and the individual defendants in their official capacities on Eleventh Amendment grounds. *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992) (California school district is a state agency for purposes of Eleventh Amendment); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir.

2

2009) (California has not waived immunity for § 1983 claims).

The district court also properly dismissed the § 1983 claims against Ms. Bettencourt, Ms. Botsford, and Ms. Schultz in their individual capacities. To state a claim for relief, Davis was required to allege facts demonstrating each individual's personal involvement in a constitutional violation. *See Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). Other than "mere conclusory statements" that the district court was "not bound to accept as true," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the complaint fails to allege any facts regarding Ms. Schultz beyond identifying her as the student government teacher at Vista del Lago High School. Consequently, the complaint fails to allege a § 1983 claim against Ms. Schultz on any basis.

Davis's § 1983 First Amendment retaliation, equal protection, and due process claims against Ms. Bettencourt and Ms. Botsford also fail. Davis alleges that Ms. Bettencourt and Ms. Botsford retaliated and discriminated against him by incorrectly advising him about the enrollment requirements for his youngest daughter. As a result, his daughter was not included on the student body list for Vista del Lago High School, and so was required to obtain guest passes to attend a homecoming dance and senior activities class. She also had to share a "senior best" yearbook award with

3

another female student, although she had been selected as "best." These allegations fail to establish the elements necessary to state a First Amendment retaliation, equal protection, or due process claim under § 1983. None of the alleged injuries constitutes an "adverse action" against Davis sufficient to support a First Amendment retaliation claim. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Davis has not identified a constitutionally protected liberty or property interest sufficient to support a due process claim under § 1983. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998). Nor has Davis alleged that he was either a member of a protected class or treated differently from other similarly situated individuals without any rational basis for the disparate treatment. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam); *Lee v. City of Los Angeles*, 250 F.3d 668, 686–87 (9th Cir. 2001).

The remaining bases for Davis's § 1983 claims fail as a matter of law. As our court has explained, the Ninth Amendment "has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim." *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986). Similarly, the International Covenant on Civil and Political Rights was ratified "on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts." *Serra v. Lappin*, 600 F.3d 1191, 1197 (9th Cir.

4

2010) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 (2004)). The Convention Against Torture is also inapplicable because, among other reasons, it applies only to conduct occurring "outside [of] the United States." *See* 18 U.S.C. § 2340A(a).

We also affirm the district court's dismissal of Davis's Title IX retaliation claim. Although a plaintiff need not be the subject of the original Title IX complaint to bring a subsequent retaliation claim, Davis has failed to allege that the District, rather than an individual, retaliated against him. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 179, 184 (2005); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998) (plaintiff may not recover against school district for alleged Title IX violations by employee based solely on principles of *respondeat superior*).

Finally, we affirm the district court's dismissal of the complaint with prejudice. Because many of Davis's claims fail as a matter of law and the remaining claims, by Davis's own description, are a "continuation" of claims asserted and dismissed in earlier litigation, the district court did not abuse its discretion by denying leave to amend. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

The motion for reconsideration is denied as moot.

**AFFIRMED.**