**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD DAVIS, III,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>FOLSOM CORDOVA UNIFIED<br>SCHOOL DISTRICT; et al.,<br><br>　　　　　Defendants-Appellees, | No. 13-15868<br><br>D.C. No. 2:11-cv-01242-KJM-<br>DAD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted December 14, 2016[**]
San Francisco, California

Before: HAWKINS, BERZON, and MURGUIA, Circuit Judges.

　　Richard Davis appeals pro se the judgment dismissing with prejudice his second

amended complaint against the Folsom Cordova Unified School District ("District")

---

　　[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

　　[**] The panel unanimously concludes this case is suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

and eleven individual defendants alleging various civil rights violations under 42 U.S.C. § 1983 and retaliation in violation of Title IX. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1126 (9th Cir. 2014), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Davis alleges that the District and the individual defendants discriminated and retaliated against him after he complained that a District policy holding cheerleaders to a higher academic standard than football players was discriminatory and violated Title IX. Davis alleges that the District and individual defendants discriminated and retaliated against him by limiting his oldest daughter's practice time and position on the cheerleading squad and failing to adequately investigate or address his complaints, ultimately causing Davis emotional distress.

The defendants initially argue that Davis is seeking to recover for the violation of his daughter's rights and as a result lacks standing to pursue the claims in the complaint. The second amended complaint and Davis's briefing in this appeal indicate, however, that Davis is attempting to allege violations of his personal rights and recover for the emotional distress resulting from acts allegedly taken in retaliation for the exercise of his First Amendment rights. Although Davis has standing to pursue

2

claims based on the violation of his rights and actions taken in retaliation against him for his speech, *see, e.g.*, *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1318–19 (9th Cir. 1989), he has failed to allege sufficient facts to state any such claim.[1]

1.      The district court properly dismissed all claims under 42 U.S.C. § 1983 against the District and the individual defendants in their official capacities on Eleventh Amendment grounds.  *See Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 254 (9th Cir. 1992) (California school district is a state agency for purposes of Eleventh Amendment); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (California has not waived immunity for § 1983 claims).

2.      To state a claim for relief against the defendants in their individual capacities, Davis was required to allege, among other things, facts demonstrating each individual's personal involvement in a constitutional violation.  *See Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994).  The only non-conclusory allegations involving defendants Marty Bauman, Ed Short, Teresa Stanley, Joanne Reinking, Richard Shaw, and Roger Benton are simply that they were copied on one or more

---

[1]      To the extent Davis is attempting to assert any claims based on the allegedly discriminatory academic or absentee policies applicable to cheerleaders at Vista del Lago High School, Davis lacks standing to assert those claims.  *See RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1054–55 (9th Cir. 2002).

letters from Davis. Such allegations are insufficient to state a § 1983 claim on any basis. Thus, there was no error in dismissing all claims against these defendants.

3. Nor did the district court err in dismissing the § 1983 First Amendment retaliation claims against defendants John Dixon, Robert Reed, Patrick Godwin, Janie DeArcos, Darcy Amiss, or Melanie Heimburg. Davis did not plead facts indicating that the manner in which Dixon, Reed, Godwin, and DeArcos investigated and responded to his complaints was adverse or retaliatory in nature. *See Coszalter v. City of Salem*, 320 F.3d 968, 974–75, 977 (9th Cir. 2003). Although Davis alleges sufficient facts to demonstrate that Amiss knew and was unhappy about his complaint, the allegations that Amiss and Heimburg "limit[ed]" the practice time and cheer camp participation of Davis's daughter, and did not allow Davis's daughter to continue to compete in a particular position on the cheer squad, do not demonstrate adverse action sufficient to support a First Amendment retaliation claim. *See Nunez v. City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998), *see also Mulligan v. Nichols*, 835 F.3d 983, 989 (9th Cir. 2016). Therefore, we affirm the district court's dismissal of Davis's § 1983 First Amendment retaliation claims against all defendants.

4. We also affirm the district court's dismissal of Davis's § 1983 due process and equal protection claims. Davis's allegations that the defendants failed to adequately investigate and respond to his various complaints do not identify any liberty

4

or property interest sufficient to state a due process claim under § 1983. *See Nunez*, 147 F.3d at 871. They similarly do not demonstrate that any defendant discriminated against Davis based on his membership in a protected class, *see Lee v. City of Los Angeles*, 250 F.3d 668, 686–87 (9th Cir. 2001), or that the defendants intentionally treated him differently than similarly situated individuals with "no rational basis for the difference in treatment," *see Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

5.    Furthermore, there was no error in dismissing Davis's Title IX retaliation claim. Although a plaintiff need not be the subject of the original Title IX complaint to bring a subsequent retaliation claim, Davis has failed to allege that the District, as opposed to an individual, retaliated against him. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 179, 184 (2005); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 285 (1998) (plaintiff may not recover against school district for alleged Title IX violations by employee based solely on principles of *respondeat superior*).

Finally, we affirm the district court's dismissal of the second amended complaint with prejudice. Because Davis had an earlier opportunity to amend his complaint and failed to add any factual allegations to cure the identified deficiencies, the district court did not abuse its discretion by dismissing the second amended complaint with prejudice. *See Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1167 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**