NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILLIP SANDS, | No. 16-15100 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-01140-RRB |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Ralph R. Beistline, District Judge, Presiding[**]

Submitted March 8, 2017[***]

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

California state prisoner Phillip Sands appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth Amendment

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

excessive force claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Sands' action because the California Department of Corrections and Rehabilitation, as a state agency, is immune from suit under the Eleventh Amendment, *see Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009), and Sands failed to allege facts sufficient to show that defendants Swift and Marsh personally participated in the alleged constitutional violations, *see Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth requirements for establishing supervisory liability under § 1983); *Jones v. Williams*, 297 F.3d 930, 934-35 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . .").

The district court did not abuse its discretion by dismissing Sands' complaint without leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (standard of review).

We do not consider facts, documents, and declarations presented for the first time on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990)

16-15100

("Documents or facts not presented to the district court are not part of the record on appeal.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-15100