NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OMAR SHARRIEFF GAY,

    Plaintiff-Appellant,

 v.

JENNIFER SHAFFER, Secretary, Board of
Parole Hearings; et al.,

    Defendants-Appellees.

No. 20-15249

D.C. No. 2:19-cv-01471-TLN-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted December 2, 2020[**]

Before: WALLACE, CLIFTON, and BRESS, Circuit Judges.

California state prisoner Omar Sharrieff Gay appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims related to parole hearings. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Gay's claims for damages against defendants in their official capacities as barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Krainski v. Nev. ex. rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies[.]" (citation and internal quotation marks omitted)); *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (applying bar to action against California Department of Corrections and California Board of Prison Terms).

The district court properly dismissed Gay's claims for damages against defendants in their individual capacities because defendants are entitled to absolute immunity. *See Sellers v. Procunier*, 641 F.2d 1295, 1302-03 (9th Cir. 1981) (explaining that absolute immunity applies to parole board officials' decisions to grant, deny, or revoke parole).

The district court properly dismissed Gay's claims for prospective declaratory and injunctive relief against defendants because Gay failed to allege facts sufficient to show that defendants violated his constitutional rights. *See* Cal. Penal Code §§ 3041.5(b)(1), (b)(3) (decision to grant or deny parole lies within the

discretion of the Board of Parole Hearings; setting forth deferment periods for parole hearings without regard to the nature of the underlying conviction).

The district court did not abuse its discretion in denying Gay's motion for transfer of venue. *See* 28 U.S.C. § 1404(a); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (setting forth standard of review and factors to weigh in determining whether transfer is appropriate in a particular case).

We reject as without merit Gay's contention that the magistrate judge erred by entering findings and recommendations for the district judge's consideration. *See* 28 U.S.C. § 636(b) (magistrate judge shall file proposed findings and recommendations to which a party may file written objections; district judge shall make a de novo determination accepting, rejecting, or modifying the findings or recommendations).

Gay's motion to proceed in forma pauperis (Docket Entry No. 4) is denied as unnecessary.

All other pending motions and requests are denied.

**AFFIRMED.**

20-15249