FILED

NOT FOR PUBLICATION

MAR 13 2025

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES PLAS SAMS, | No. 22-15643 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00568-JAM-DMC |
| v. | |
| RALPH DIAZ, Secretary of CDCR; CHELSEA ARMENTA, Office Services Supervisor I; W. HAWKINGS, Correctional Captain; P. MESSERLI, Associate Warden, Business Services; CHRISTINA BRISTOW, Business Services Officer I (Supervisor); R.W. SMITH, Chief Deputy Warden; P. BIRDSONG, Appeals Coordinator; N. FRANSHAM; RUBEN JIMENEZ, Correctional Lieutenant; L. SAMAYOA, Trust Office Official; SANDRA SMITH, Trust Account Official; B. BANKS, Trust Account Official; C. TENNISON, Appeals Examiner; P. RAMOS, Chief, Office of Appeals; JEFFREY MACOMBER; KENNETH J. POGUE; ANTHONY CARTER; STEVEN ESCOBAR; NEIL MIRANDA; RHONDA SKIPPER-DOTTA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Before: O'SCANNLAIN, S.R. THOMAS, and N.R. SMITH, Circuit Judges.

California state prisoner James Plas Sams appeals pro se from the district court's judgment dismissing his action under 42 U.S.C. § 1983 alleging that defendants violated his rights to freedom of association and due process and retaliated against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 624 (9th Cir. 2020). We affirm.

The district court properly dismissed Sams's due process claim premised on Armenta and Hawkins's confiscation of an Eden Press catalog as barred by collateral estoppel because Sams previously litigated the same issue. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004) (setting forth collateral estoppel requirements).

The district court properly dismissed Sams's due process claim premised on a deduction from his trust account because California provides an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

California law provides an adequate post-deprivation remedy for any property deprivations." (citing Cal. Gov't Code §§ 810-895; additional citation omitted)).

The district court properly dismissed Sams's claims alleging that Miranda and Skipper-Dotta arbitrarily denied him parole because "parole board members are entitled to absolute immunity for parole board decisions." *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009).

The district court properly dismissed Sams's expressive association claims because Sams failed to allege facts showing that defendants' denial of his group grievances was not rationally related to a legitimate penological interest. *See Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (explaining that where a challenged decision "bear[s] a rational relation to legitimate penological interests[, t]his suffices to sustain the regulation in question," making it "unnecessary to decide whether an asserted First Amendment right survive[s] incarceration"); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.").

The district court properly dismissed Sams's retaliation claims related to his group grievances because he failed to plausibly allege that defendants acted with a retaliatory motive or that their conduct did not reasonably advance a legitimate penological interest. *See Johnson v. Ryan*, 55 F.4th 1167, 1201 (9th Cir. 2022)

3

(setting forth requirements of a retaliation claim in the prison context); *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014) ("We have repeatedly held that mere speculation that defendants acted out of retaliation is insufficient.").

Sams has not identified error in the district court's failure to consider his supplemental filing. *See Preminger v. Peake*, 552 F.3d 757, 769 (9th Cir. 2008) ("[D]istrict courts have inherent power to control their dockets." (citation omitted)).

The district court did not err by not addressing Sams's Rule 72 objections, because these objections were untimely. *See* Fed. R. Civ. P. 72(b)(2), 6(d).

Because Sams does not raise on appeal the district court's dismissal of his retaliation claim against Armenta or its dismissal of his conspiracy, supervisory liability, and state-law claims, we do not address them. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) (explaining that arguments omitted from the opening brief are deemed forfeited).

Appellees' request for judicial notice, Docket Entry No. 16, is GRANTED. Sams's request for an extension of time to file the reply brief, Docket Entry No. 20, is DENIED as unnecessary. The reply brief was filed at Docket Entry No. 21.

**AFFIRMED.**

4