NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. EDWARD EZOR,<br><br>            Plaintiff - Appellant,<br><br>v.<br><br>STATE BAR OF CALIFORNIA, et al.;<br><br>            Defendants - Appellees. | No. 23-3083<br><br>D.C. No.<br>2:22-cv-00840-JVS-AGR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted June 17, 2025[**]

Before: SANCHEZ, H.A. THOMAS, and DESAI, Circuit Judges.

A. Edward Ezor's former clients sought reimbursement of misappropriated funds from the State Bar of California's Client Security Fund Commission ("CSF"). Their requests were granted in two final administrative decisions. Ezor challenged the constitutionality of those decisions in a prior 42 U.S.C. § 1983 lawsuit, which

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

was dismissed for lack of jurisdiction, claim preclusion, Eleventh Amendment and quasi-judicial immunity, and failure to state a claim. *See Ezor v. State Bar of Cal.*, No. 3:17-cv-05338-WHO, 2018 WL 489035, at \*5–\*9 (N.D. Cal. Jan. 19, 2018) ("*Ezor I*"), *aff'd*, 754 F. App'x 613 (9th Cir. 2019). In this subsequent Section 1983 lawsuit, Ezor again challenges the CSF's final decisions and raises claims against the State Bar, State Bar officers, and Betty Yee, whom Ezor alleges is the "Director of the Franchise Tax Board." Ezor appeals the dismissal of his claims without leave to amend. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[1]

1.    We review the district court's dismissal on sovereign immunity grounds de novo. *Deschutes River All. v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1158 (9th Cir. 2021). Ezor's claim against the State Bar and its officers in their official capacity is barred by Eleventh Amendment immunity.[2] *See Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1032 (9th Cir. 2023) (en banc) (affirming that the California State Bar is "an arm of the state" and thus entitled to Eleventh Amendment immunity); *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (holding that official capacity suits should be "treated as suits against the State" and officers sued in their

---

[1]    The State Bar's motion to take judicial notice (Dkt. 14) is granted.

[2]    "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (quotation omitted).

official capacity are entitled only to the immunities that the "governmental entity possesses"); *see also Hirsh v. Justices of Supreme Ct. of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) (extending the immunity of state entities to individual defendants acting in their official capacities). Even if we liberally construe Ezor's allegations to support an individual-capacity suit, the defendants are still protected by quasi-judicial immunity because his allegations pertain to the officers' performance of quasi-judicial functions in the underlying CSF proceedings. *See In re Castillo*, 297 F.3d 940, 948 (9th Cir. 2002) (holding that individuals who perform "functions that are judicial in nature, or who have a sufficiently close nexus to the adjudicative process" are entitled to "quasi-judicial immunity").

Ezor's claim against Yee in her official capacity is likewise barred by Eleventh Amendment sovereign immunity. The State Bar referred the matter to the Franchise Tax Board ("FTB") for debt collection, and state law authorizes the FTB to collect court-ordered debts on behalf of the State. *See* Cal. Rev. & Tax. Code § 19280(a)(1)(A). Thus, the FTB acts as an arm of the state.

2.    "We review de novo an order dismissing a complaint on claim preclusion grounds." *GP Vincent II v. Est. of Beard*, 68 F.4th 508, 514 (9th Cir. 2023). Res judicata "applies if the earlier litigation (1) reached a final judgment on the merits, (2) involved the same claim or cause of action as the later lawsuit, and (3) involved the same parties or their privies." *Id*. Here, Ezor's claims are barred by

*Ezor I*.[3]

First, *Ezor I* is a final judgment on the merits because the district court found that Ezor failed to state a claim upon which relief can be granted. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) (explaining that "dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies" (quotation omitted)). Second, Ezor alleges infringement of the same right based on a common nucleus of operative facts. *See Brownback v. King*, 592 U.S. 209, 215 n.3 (2021). In both lawsuits, Ezor claimed that the underlying CSF decisions violated his due process rights and were retaliatory. *See Ezor I*, 2018 WL 489035, at *3. Finally, Ezor sues the State Bar and its officers occupying the same positions as those in *Ezor I*. And although Yee was not a party in *Ezor I*, the FTB is aligned in interest with the State Bar with respect to debt collection efforts against Ezor. *In re Schimmels*, 127 F.3d 875, 882 (9th Cir. 1997) (explaining that for two parties to have privity, they must be "so identified in interest . . . that [they] represent[] precisely the same right" (quotation omitted)).

3.      The district court did not abuse its discretion in denying Ezor leave to amend his complaint because he is unable to overcome the immunity and claim preclusion bars to his lawsuit. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d

---

[3]    Ezor's present claims are also barred by the preclusive effect of the CSF decisions. *See Trujillo v. Santa Clara Cnty.*, 775 F.2d 1359, 1366 (9th Cir. 1985).

1034, 1041 (9th Cir. 2011) (holding that a district court may dismiss without leave to amend where amendment would be futile). We also reject Ezor's meritless challenges to the district court's denial of his motion to disqualify the district judge and magistrate judge, motion to stay the action, and motion to disqualify the State Bar Defendants.

**AFFIRMED**.

23-3083