NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICK L. RICHARDSON,

       Plaintiff - Appellant,

  v.

RALPH DIAZ, Secretary and Director of
California Department of Corrections and
Rehabilitation, individual and official
capacity; et al.,

       Defendants - Appellees.

No. 24-1247

D.C. No. 2:20-cv-08030-HDV-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Hernan Diego Vera, District Judge, Presiding

Submitted November 12, 2025[**]

Before:    SCHROEDER, RAWLINSON, and NGUYEN, Circuit Judges.

    California state prisoner Patrick L. Richardson appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)). We affirm.

The district court properly dismissed Richardson's individual capacity claims because Richardson failed to allege facts sufficient to show that any defendant was deliberately indifference to his serious medical needs or took adverse action against him because of his protected conduct. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (setting forth elements of a retaliation claim in the prison context); *Toguchi v. Chung*, 391 F.3d 1051, 1057-58 (9th Cir. 2004) (explaining that prison officials act with deliberate indifference only if they know of and disregard an excessive risk to the prisoner's health, and that a difference of medical opinion is insufficient to establish deliberate indifference).

The district court properly dismissed Richardson's official capacity claims as barred by sovereign immunity. *See Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (explaining that the State of California enjoys Eleventh Amendment immunity with respect to § 1983 claims in federal court).

The district court properly dismissed as moot Richardson's claims for injunctive relief. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995) (explaining that a prisoner's transfer to a different state prison moots claims for

injunctive relief absent certain exceptions).

**AFFIRMED.**